UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISCOUNT VIDEO CENTER, INC.<br>9144 Deering Avenue<br>Chatsworth, CA 91311<br><br>  Plaintiff,<br><br>  v.<br><br>DOES 1 – 80<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 11-CV-01977-RWR<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER ON DISCOVERY**

Plaintiff Discount Video Center, Inc., filed a Complaint against John Does who have traded the same identical file of Plaintiff's copyrighted work without authorization through a file-swapping network ("Peer-to-Peer" or "P2P" network).

Plaintiff received subpoena responses from the internet service providers (ISPs), and it appears that one of the listed John Does may be a mass infringer. It is John Doe 45, a District of Columbia resident with an IP address of 68.48.8.234. This John Doe uses Comcast and has a dynamic IP address (meaning it changes frequently). Plaintiff has discovered additional copyright infringements committed through the same IP address. This, it is highly likely that that John Doe has committed many more infringements than the ones discovered so far. *See Exhibit, showing additional copyright infringements committed through this one IP address.* Plaintiff understands that while an IP address in many cases leads to the alleged infringer, that is not necessarily the case in all instances because someone else may have used a particular John Doe's computer or accessed the router.

1

Plaintiff now seeks an Order on Discovery to obtain all relevant records about John Doe 45 from his internet service provider (ISP) Comcast. Plaintiff is aware from interaction with Counsel for Comcast in another case in the District of Columbia that Comcast desires a Court Order to ensure that Comcast's disclosures are in compliance with 47 U.S.C. Section 551 [*protection of subscriber privacy*].

## STANDARD OF REVIEW

F.R.Civ.P. 26 provides:

"(b) Discovery Scope and Limits. (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. …"

47 U.S.C. Section 557 provides:

(c) **Disclosure of personally identifiable information**
(1) …. (2) A cable operator may disclose such information if the disclosure is—
… (B) … made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed;

## ARGUMENT

Plaintiff did receive some information about John Doe 45's internet account from Comcast. Based on the potential mass copyright infringements that have been discovered, Plaintiff needs to undertake additional discovery of information about John Doe 45's internet account held by Comcast. In these instances, Comcast desires a Court Order to release any information to be in compliance with 47 U.S.C. Section 557.

Plaintiff is requesting the following information, with the understanding that Comcast may not have all of the requested records available:

- Subscriber's address.
- Length of service including start date.
- Subscriber's instrument number or other subscriber number or identity, including a temporarily assigned network address.
- Means and source of payment for such service (including any credit card or bank account number).
- Any other IP addresses associated with John Doe 45.
- Any MAC address on record.
- Records of DMCA Notices that were sent to John Doe 45.
- Records of any kind of warning letters/emails/other communications about copyright infringement sent to John Doe 45.
- Records about notice letter sent to John Doe 45 about the present lawsuit (including date sent, how the letter was sent (such as mail or UPS), and any information showing when John Doe 45 received the letter.
- What type of device was installed by Comcast at the residence including the device model number, serial number and manufacturer?
- Did the device installed by Comcast include Wireless (WiFi) Capabilities? If so, was security (network name & password) enabled by default or enabled by Comcast upon installation?
- What Date/Time was the device installed by Comcast?
- A copy of any/all signed agreements including device installation agreements signed by or given to John Doe 45.

Such information shall be provided to Plaintiff within 30 days, and Plaintiff shall make copies available to Defendant's counsel.

***

WHEREFORE Plaintiff requests this Court to order Comcast to provide the requested information.

Respectfully submitted this 22nd day of April 2012.

FOR THE PLAINTIFF:

By: /s/ Mike Meier
Mike Meier (D.C. Bar #444132)
The Copyright Law Group, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Phone: (888) 407-6770
Fax: (703) 546-4990
Email: mike.meier.esq@copyrightdefenselawyer.com

ATTORNEY FOR PLAINTIFF

3

**EXHIBIT:**

- List of Additional Copyright Infringements apparently committed through John Doe 45's known IP address.

**CERTIFICATE OF SERVICE**

I hereby certify that on 22 April 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. I will also serve a copy by email and mail upon counsel for John Doe 45:

Jonice Gray Tucker, Esq.
BuckleySandler LLP
1250 24th Street NW, Suite 700
Washington, DC 20037

*Counsel for Defendant John Doe 45*

John Seiver, Esq.
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
 Washington, DC 20006-3401

*Counsel for Comcast*

By:  /s/ Mike Meier
      Mike Meier (D.C. Bar #444132)
      The Copyright Law Group, PLLC
      4000 Legato Road, Suite 1100
      Fairfax, VA 22033
      Phone: (888) 407-6770
      Fax: (703) 546-4990
      Email:
      mike.meier.esq@copyrightdefenselawyer.com

      ATTORNEY FOR PLAINTIFF